IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUSAN SKRZECZ, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-1796 |
| GIBSON ISLAND CORPORATION, et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Susan Skrzecz ("Plaintiff" or "Skrzecz") brings this action against Defendants Gibson Island Corporation ("Gibson Island"), Richard McMillan, Jr. ("McMillan"), and Richard Dorio ("Dorio") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 203, *et seq.*; the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, *et seq.*; the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, *et seq.*; and various common law fraud claims.[1]

Currently pending is Defendants' Motion for Summary Judgment on Counts V, VI, and VIII[2] (ECF No. 57). The parties' submissions have been reviewed and no hearing is

---

[1] Plaintiff's Fair Labor Standards Act, Maryland Wage and Hour Law, and Maryland Wage Payment and Collection Law claims appear in her original Complaint (ECF No. 1) as Counts I-IV. This Court granted the Plaintiff permission to amend her Complaint, to which she added the common law claims sounding in fraud as Counts V, VI, and VIII. Amend. Compl., ECF No. 35.

[2] Plaintiff does not allege a Count VII, thus this Court directs the Clerk of the Court to re-caption Count VIII as Count

1

necessary. *See* Local Rule 105.6 (D. Md. 2014).[3] For the reasons that follow, Defendants' Motion for Summary Judgment with respect to Counts V, VI, and VII (ECF No. 57) is GRANTED.[4]

BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).

The facts underlying Skrzecz's claims remain as recounted in this Court's earlier Memorandum Opinion addressing Defendants' first Motion for Summary Judgment (ECF No. 24). *See* Mem. Op., 1-8, ECF No. 43. On July 11, 2014, this Court entered judgment in favor of Defendants on Plaintiff's claims for unpaid wages (Counts I-III), but denied Summary Judgment as to Count IV, the retaliation claim under the Fair Labor Standards Act, 29 U.S.C. § 216. Order, ECF No. 44. Defendants' first Motion for Summary Judgment proceeded as a partial motion for summary judgment on Counts I-IV alone, as the parties agreed that any summary judgment motions related to the additional claims of the Amended Complaint (ECF No. 35) would not be considered until fully briefed. Mem. Op., at 2 n.2, 7.

---

VII.

[3] During a conference call on the record on January 21, 2015, addressing a discovery issue, the Court did entertain some discussion with counsel. Specifically, the Court confirmed that all briefing was completed.

[4] In light of this Court's Memorandum Opinion and Order of July 11, 2014 (ECF Nos. 43, 44), granting the earlier Motion for Summary Judgment as to Counts I, II, and III, this case shall proceed to trial on the remaining Count IV, claiming retaliation.

The subject Motion for Summary Judgment (ECF No. 57) addresses only Counts V, VI, and the re-captioned Count VII of the Amended Complaint. Defendants contend that no genuine dispute as to material facts exists as related to the challenged claims.[5] Given the undisputed facts, Skrzecz thus fails to establish the elements necessary to each fraud claim. The pending Motion was fully briefed by both parties.

STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent

---

[5] Defendants argue that there is no genuine dispute as to material facts purely for the purposes of the pending Motion. Defs.' Mot. for Summ. J., at 1. In the event that this Court denies the Motion, Defendants preserve any arguments concerning any remaining factual disputes.

factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

ANALYSIS

Plaintiff Skrzecz's Amended Complaint adds three common law fraud causes of action against the Defendants. In Count V, Skrzecz claims that Defendants intentionally misrepresented her on-call compensation. Amend. Compl. ¶¶ 66-80. Similarly, Count VI alleges that Defendants fraudulently concealed the terms of her on-call compensation. *Id.* ¶¶ 81-91. Finally, in the re-captioned Count VII, Skrzecz asserts a claim of negligent misrepresentation and implied negligent misrepresentation regarding the terms and conditions of her on-call compensation. *Id.* ¶¶ 92-104. In moving for summary judgment on Counts V, VI, and VII, Defendants contend that Plaintiff fails to raise any genuine disputes of material fact and cannot satisfy the necessary elements of each claim. Given the

fundamental deficiencies in Skrzecz's claims, Defendants argue that they are entitled to judgment as a matter of law. Each Count will be addressed in turn.

### A. Count V – Fraud-Intentional Misrepresentation

Defendants contend that summary judgment as to Count V is appropriate because Plaintiff cannot provide sufficient proof such that a reasonable jury could find for her on each element necessary to her claim. Under Maryland law, a plaintiff asserting a claim for fraudulent and intentional misrepresentation must establish five elements, namely:

> (1) that a representation made by a party was false; (2) that either its falsity was known to that party or the misrepresentation was made with [ ] reckless indifference . . . ; (3) that the misrepresentation was made for the purpose of defrauding some other person; (4) that that person not only relied upon the misrepresentation but had the right to rely upon it with full belief of its truth, and that he would not have done the thing from which damage resulted if it had not been made; and (5) that that person suffered damage directly resulting from the misrepresentation.

*Bradley v. Bradley*, 56 A.3d 541, 548-49 (Md. Ct. Spec. App. 2012) (quoting *B.N. v. K.K.*, 538 A.2d 1175, 1182 (Md. 1988) (internal citation omitted)).

A plaintiff must establish each element so as to maintain a valid claim of intentional misrepresentation. *See McNierney v. McGraw-Hill, Inc.*, 919 F. Supp. 853, 860 (D. Md. 1995) (granting summary judgment on an intentional misrepresentation claim when the plaintiff could not show the existence of a false statement); *see also Martens Chevrolet, Inc. v. Seney*, 439 A.2d 534, 537 (Md. 1982) (explaining that the mere presence of a false statement does not alone prove intentional misrepresentation). Of critical importance to a claim of intentional misrepresentation is proof of fraudulent intent. A plaintiff may not rely on the general civil

standard of proof, preponderance of the evidence. Instead, that plaintiff must prove fraudulent intent by clear and convincing evidence. *Hoffman v. Stamper*, 867 A.2d 276, 285 (Md. 2005); *see also Sass v. Andrew*, 832 A.2d 247 (Md. Ct. Spec. App. 2003).

In this case, Skrzecz fails to establish three of the requisite five elements for a claim of intentional misrepresentation. The absence of one element, let alone three, is fatal to such a claim. First, Plaintiff offers merely her own speculation and possible misunderstanding as evidence that Defendants made a false statement. In her deposition, Skrzecz admitted that Sergeant Welsh never discussed the specific terms of her overtime compensation, such as the rate at which she would be paid, or the threshold number of hours at which overtime pay would commence. Pl.'s Dep. 33:14-35:21, January 23, 2014, ECF No. 57-2. Rather, she explained that "usually overtime is after 40 hours," thus she had the expectation that she "would get paid for overtime." Pl.'s Dep. 33:19-35:20. This understanding arose solely because she believed that "[i]f [one] worked overtime, you get paid for it. That's usually how it goes[,]" rather than any representations by Defendants. Pl.'s Dep. 34:12-14. To raise a genuine dispute of material fact, Plaintiff must offer more than mere speculation and assumption. On the basis of Skrzecz's misunderstanding alone, a reasonable jury could not find the existence of a false statement. *See Smith v. Black*, 51 Md. 247, 249 (1879) (explaining that, in the absence of any evidence of fraud, a plaintiff's own misunderstanding is insufficient). Without a false statement, a claim of intentional misrepresentation may not stand. *McNierney*, 919 F. Supp. at 860-61.

Second, even if Plaintiff sufficiently established a false statement, she submits no

evidence indicating Defendants knew of any alleged falsity, proceeded with reckless indifference as to the truth of the statement, or possessed the requisite intent to defraud. Regarding the elements of knowledge and intent,[6] Skrzecz again offers only her speculations and irrelevant public policy beliefs. *See* Pl.'s Resp. in Opp. to Defs.' Mot. for Summ. J., 4-5, ECF No. 60. She contends that it "would be highly unusual for an employer to say that they would not pay for certain types of work that would be required by them." *Id.* at 4. Further, she asserts that Defendants effectively imprisoned her on the island, thus they intended to deceive her to ensure she would work the on-call hours. *Id.* at 5. Not only is this argument nonsensical, but it offers not a single piece of evidence supporting Skrzecz's theories. At the summary judgment stage, a plaintiff must "set forth specific facts showing that there is a genuine issue for trial," rather than the speculation and beliefs offered by Skrzecz. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). Moreover, any evidence of fraudulent intent must be scrutinized under the clear and convincing evidence standard, as it is the standard applied at trial. *Anderson*, 477 U.S. at 255. Plaintiff has not only failed to offer sufficient evidence under this heightened standard, but she has provided no evidence raising *any* genuine issue of material fact as to Defendants' knowledge or intent.

On the basis of the undisputed facts in the record, Skrzecz's proffered evidence does not warrant submitting this claim to a jury. She relies on guesswork, rather than hard evidence, in supporting her claim of intentional representation. A reasonable jury thus could not find the requisite elements of this claim. Accordingly, Defendants' Motion for Summary

---

[6] Plaintiff offers no argument concerning any reckless indifference to the truth of the statement.

7

Judgment on Count V is GRANTED.

### B. Count VI – Fraudulent Concealment

In Count VI, Skrzecz contends that Defendants intentionally and fraudulently concealed the true terms of her on-call compensation. Defendants, in moving for summary judgment on this count, argue that Skrzecz raises no genuine dispute of material fact as to any element of a fraudulent concealment claim. Maryland law categorizes fraudulent concealment as another cause of action under the umbrella of common law fraud. *Sass*, 832 A.2d at 261. A claim of fraudulent concealment thus requires a plaintiff to prove:

> (1) The defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment."

*Green v. H & R Block, Inc.*, 735 A.2d 1039, 1059 (Md. 1999). Like intentional misrepresentation, a successful claim of fraudulent concealment necessitates clear and convincing evidence of fraudulent intent. *See Hoffman*, 867 A.2d at 285; *see also Sass*, 832 A.2d at 261. Moreover, a plaintiff may not unreasonably rely on a defendant's assurances and mount a successful claim of fraudulent concealment. *Frederick Road Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963, 976 (Md. 2000). Rather, a plaintiff must show that the "defendant took affirmative action to conceal the cause of action and that the plaintiff could not have discovered the cause of action despite the exercise of reasonable diligence." *Id.*

Given the undisputed facts in this case, Skrzecz cannot establish that Defendants

owed her any duty related to on-call compensation, that they possessed the requisite intent to deceive, nor her justifiable reliance. Skrzecz merely relies on the same facts underlying her intentional misrepresentation claim, rather than offering any evidence relevant to a claim of fraudulent concealment. She contends that Defendants owed her a duty to disclose that she would not be compensated monetarily for any on-call hours. Yet, in granting summary judgment in favor of Defendants on Skrzecz's wage claims (Counts I-III), this Court held that Defendants fairly and properly compensated her as a matter of federal and state law. *See* Mem. Op., at 16-22. If Plaintiff was properly compensated, then she was legally entitled to no further compensation, even for on-call hours. Defendants thus cannot have a duty to disclose that Skrzecz would not be compensated monetarily for on-call hours when Skrzecz is not even legally entitled to that compensation.

Further, as in Skrzecz's intentional misrepresentation claim, she provides no evidence beyond mere speculation that Defendants intended to deceive her on the issue of on-call compensation. Once again, a plaintiff must provide clear and convincing evidence of fraudulent intent to succeed. *Hoffman*, 867 A.2d at 285. Skrzecz, however, offers evidence of fraudulent intent that would fail even under the preponderance of the evidence standard. She supports her claim of fraudulent intent merely by arguing that all employers *should* disclose such information, thus Defendants must possess the requisite fraudulent intent. *See, e.g.*, Pl.'s Resp. in Opp. to Defs.' Mot. for Summ. J.. at 5-6. Such public policy arguments are unpersuasive when devoid of any facts linking them to the case at hand.

Finally, Skrzecz's reliance on Defendants' statements was unjustifiable, as she failed

to exercise reasonable diligence to discover the details upon which her claims are founded. During her initial interview with Sergeant Welsh, Skrzecz never inquired as to the rate at which she would be paid for overtime hours, the manner in which those hours would be calculated, or any other details regarding her overtime compensation. Pl.'s Dep. 34:20-35:21. Later, when she asked Chief Sperry about on-call compensation, he specifically informed her that she would not receive monetary compensation for an on-call hours. Pl.'s Answer to Defs.' Interrogatories, 5-6, ECF No. 57-3. Thus, not only did she first fail to inquire as to the details she now argues Defendants concealed, but Defendants did not conceal the terms of her on-call compensation when she finally asked Chief Sperry.

In sum, Skrzecz offers insufficient evidence of at least three of the necessary elements of a fraudulent concealment claim, thereby rendering submission of this claim to a jury unwarranted. As a reasonable jury could not find in her favor on this claim, judgment as a matter of law is appropriate. Defendants' Motion for Summary Judgment on Count VI is thus GRANTED.

**C. Count VII – Negligent Misrepresentation and Implied Negligent Misrepresentation**

Finally, Defendants move for judgment as a matter of law in their favor as to Skrzecz's claim of negligent misrepresentation and implied negligent misrepresentation. To establish a claim of negligent misrepresentation, a plaintiff must show:

> (1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon

> by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement and (5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*McNierney*, 919 F. Supp. at 862 (quoting *Weisman v. Connors*, 540 A.2d 783, 791 (Md. 1988) (internal citations omitted)). In arguing that Defendants negligently misrepresented the terms of her on-call compensation, Skrzecz relies on the same statements as her intentional misrepresentation and fraudulent concealment claims.

As previously discussed, Skrzecz offers no evidence beyond mere speculation as to the existence of a false statement. Without a false statement, a claim of negligent misrepresentation necessarily fails. *McNierney*, 919 F. Supp. at 862. Accordingly, Defendants' Motion for Summary Judgment on Count VII is GRANTED.

## CONCLUSION

For the reasons stated above, Defendants Gibson Island Corporation, Richard McMillan, Jr., and Richard Dorio's Motion for Summary Judgment (ECF No. 57) is GRANTED.

A separate Order follows.

Dated: January 27, 2015                           ___/s/_____
                                                  Richard D. Bennett
                                                  United States District Judge